

## NUMBER 13-07-00689-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

FRANCISCO FLORES ZAVALA,                                    Appellant,

v.

THE STATE OF TEXAS,                                                   Appellee.

On appeal from the 206th District Court of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Memorandum Opinion by Justice Garza

Appellant, Francisco Flores Zavala, was charged by indictment with six counts of indecency with a child by exposure, a third-degree felony. *See* TEX. PENAL CODE ANN. § 21.11(a)(2)(A), (d) (Vernon 2003). Zavala pleaded guilty to three of the charges alleged in the indictment without the benefit of a plea agreement. The trial court accepted Zavala's guilty plea, found him guilty of the three charges, and sentenced him to five years' incarceration in the Institutional Division of the Texas Department of Criminal Justice with

no fine for the three counts.[1]  The sentences were ordered to run concurrently, and the remaining charges were left unadjudicated.[2]  The trial court also certified Zavala's right to appeal, and he now brings this appeal.  We affirm.

## I. *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Zavala's court-appointed appellate counsel has filed a brief with this Court, stating that his review of the record yielded no grounds or error upon which an appeal can be predicated.  Though counsel presents "issues" in his brief, he concludes that these "issues" lack merit and that any appeal in this case would be frivolous.  *See id.*  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Zavala's appellate counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance on appeal, (2)

---

[1] The punishment range for third-degree felonies is imprisonment for two to ten years and an optional fine of not more than $10,000.  *See* TEX. PENAL CODE ANN. § 12.34 (Vernon 2003).

[2] Zavala admitted to having committed all of the offenses alleged in the indictment; however, Zavala only pleaded guilty to three of the charges, and he and the State agreed to allow the trial court to consider the remaining three charges as "admitted unadjudicated offense[s]."  The trial court considered the remaining charges at the punishment phase of trial and signed an order on October 15, 2007, barring the State from prosecuting Zavala for the remaining charges.

served a copy of the brief and counsel's motion to withdraw on Zavala, and (3) informed Zavala of his right to review the record and to file a pro se response.[3]  *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and Zavala has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80 (1988).  We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Zavala's attorney has asked this Court for permission to withdraw as counsel.  *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.  To withdraw from representation, the appointed

---

[3] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

3

attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous") (citations omitted)).  We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Zavala and to advise Zavala of his right to file a petition for discretionary review.[4]  *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

_____
DORI CONTRERAS GARZA
Justice

Do Not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
3rd day of December, 2009.

---

[4] No substitute counsel will be appointed.  Should Zavala wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.